IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKEY LETT, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:17-cv-373-SRW |
| ) | |
| CLASSIC BUICK GMC CADILLAC, ) | |
| ) | |
|    Defendant. ) | |

## REPORT AND RECOMMENDATION

On June 13, 2017, this matter was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate by United States District Judge Myron H. Thompson. (Doc. 3); *see also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz*, 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507 (11th Cir. 1990).

Before the court is defendant Warranty Support Services, LLC's ("Warranty Support Services")[1] motion to dismiss the amended complaint for lack of subject matter jurisdiction. *See* Doc. 22. Upon consideration of the motion, and for good cause, it is the recommendation of the Magistrate Judge that the motion be denied; however, the undersigned further recommends that this case be dismissed without prejudice for lack of subject matter jurisdiction despite the recommended denial of the motion to dismiss.

---

[1] Defendant Warranty Support Services states in its motion to dismiss that it is incorrectly identified in the amended complaint as "EasyCare Warranty Support Services LLC." *See* Doc. 22.

**STANDARD OF REVIEW**

Although defendant does not cite Fed. R. Civ. P. 12(b)(1) in its motion to dismiss, motions to dismiss for lack of subject matter jurisdiction are properly brought under that rule; therefore, the court will apply the standard of review appropriate for 12(b)(1) motions. "A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction and Rule 12(b)(1) permits a facial or factual attack." *Willett v. U.S.,* 24 F.Supp.3d 1167, 1173 (M.D. Ala. 2014) (citing *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)). The standard of review that this court applies to a 12(b)(1) motion to dismiss depends on whether defendant is making a "factual attack" or a "facial attack" on this court's jurisdiction. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (distinguishing "factual" attacks on subject matter jurisdiction from "facial attacks" and explaining the standard of review applying to each). "On a Rule 12(b)(1) facial attack, the court evaluates whether the plaintiff 'has sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employs standards similar to those governing Rule 12(b)(6) review.'" *Willett,* 14 F.Supp.3d at 1173. (citing *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11th Cir. 2013)). On a facial attack, the court must consider the allegations of the complaint to be true. When the attack is factual – *i.e.*, the movant challenges the existence of subject matter jurisdiction in fact and irrespective of the pleadings – the court considers matters outside the pleadings, such as testimony and affidavits. *See Lawrence*, 919 F.2d at 1529.

> Procedurally, facial and factual attacks differ. *See Lawrence [v. Dunbar]*, 919 F.2d at 1529 [(11th Cir. 1990)]. "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—

2

> the court must consider the allegations of the complaint to be true." *Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)). However, "when the attack is factual, the trial court may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56." *Lawrence*, 919 F.2d at 1529. Since the court's ability to exercise jurisdiction over the case is at issue in a factual 12(b)(1) motion, "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Gilmore v. Day*, 125 F. Supp. 2d 468, 471 (M.D. Ala. 2000) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942)).

*McCallister v. Pulliam*, 2008 WL 11380026, at *2 (N. D. Ala. 2008).

The motion to dismiss in this case is based solely on the allegations of the amended complaint and does not reference other materials; therefore, it will be evaluated as a facial attack.

## ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff, who proceeds *pro se*, initiated this action by filing a complaint against a single defendant – Classic Buick-GMC-Cadillac ("Classic Cadillac").[2] The court affords the complaint the liberal construction that it is due.[3] Although it does not employ traditional counts to set out claims, the complaint alleges state law claims for fraud, and violations of

---

[2] This defendant has stated in filings that its correct name is SAI Montgomery BCH LLC d/b/a Classic Buick-GMC-Cadillac, and it refers to itself in filings as "Classic Cadillac." *See* Docs. 11, 19. For consistency, the court follows suit.

[3] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)(per curiam).

the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 1961, *et seq.*, and Alabama's so-called "lemon law," codified at Ala. Code § 8-20A-1 (1975). Plaintiff's claims stem from his purchase of a 2012 GMC Canyon and warranty from Classic Cadillac on January 8, 2016. *See* Doc. 1.

Defendant Classic Cadillac answered the complaint, *see* Doc. 6, and filed a motion to compel arbitration, in which it acknowledged that plaintiff had "br[ought] claims of deceit, fraud, the Racke[t]eer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961), and the Alabama lemon laws (Ala. Code § 8-20A-1, et seq.) in connection with Lett's purchase of the [v]ehicle."

The court held a scheduling and status conference in the matter, during which the plaintiff moved for leave to amend his complaint. *See* Doc. 14. Plaintiff subsequently filed an amended complaint which named as defendants not only Classic Cadillac, but also defendant Warranty Support Services. *See* Doc. 16. In this amended complaint, plaintiff alleges that the defendants deceived him "by concealing Easycare['s] true vehi[c]le service contract." *See* Doc. 16 at 3. Plaintiff further alleges that he was "deceive[d] by a false instrument in purchasing another service warranty," and that the defendants "deceive[d] [him] in paying more for the [truck]." *See id.* Plaintiff also alleges that the defendants "change[d] the contract date" and the "mileage." *See id*. Finally, plaintiff alleges that the defendants engaged in a "pattern of illegal activity of extortion." *See id*. at 4. Absent from the amended complaint are any references to RICO or Alabama's lemon law. *See id*.

In response to the amended complaint, Classic Cadillac filed a motion to compel arbitration and stay proceedings, *see* Doc. 19, and Warranty Support Services filed the

4

instant motion to dismiss. *See* Doc. 22. In its motion, Warranty Support Services argues that there is not complete diversity, and citing the allegations in the amended complaint, maintains that plaintiff is a resident of Alabama, Classic Cadillac is a "business entity located in Montgomery, Alabama," and Warranty Support Services is a "Georgia business entity." Warranty Support Services argues that because plaintiff and Classic Cadillac are both citizens of Alabama, the court lacks subject matter jurisdiction over the case and it should be dismissed.

## DISCUSSION

"Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction." *Wimberley v. Jones*, 2012 WL 3066360, at *1 (M.D. Ga. 2012)(citing *Walker v. Sun Trust Bank of Thomasville, Ga.,* 363 F. App'x 11, 15 (11th Cir.2010) (per curiam)).[4]

### I. Federal Question Jurisdiction

"Absent diversity of citizenship, a plaintiff must present a 'substantial' federal question in order to invoke the district court's jurisdiction." *Wyke v. Polk Cnty. Sch. Bd.,* 129 F.3d 560, 566 (11th Cir. 1997) (citing *Hagans v. Lavine,* 415 U.S. 528, 537, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)). Construing it liberally, plaintiff's original complaint contained state law claims for fraud, as well as claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 1961, *et seq.*, and

---

[4] The amount in controversy requirement must also be met; however, that is not at issue here. The damages sought by plaintiff far exceed the statutory threshold for subject matter jurisdiction. *See* Docs. 1; 16.

Alabama's so-called "lemon law," codified at Ala. Code § 8-20A-1 (1975). Applying the standard of liberal construction, the court finds that plaintiff's invocation of RICO in the original complaint, although this statute was arguably only mentioned in passing, is sufficient to conclude that the court had federal question jurisdiction at the time the complaint was filed.[5]

The same cannot be said for the amended complaint. The amended complaint contains no reference to federal law, whether RICO or otherwise. Rather, it contains – at best – state law claims for fraud and breach of contract.[6] The law of this circuit is clear. "Where a plaintiff files a complaint in federal court that includes both state law claims and then amends the complaint to omit the federal claims that gave rise to supplemental jurisdiction over the state claims, it is well settled that the amended complaint supersedes the original complaint and divests the district court of jurisdiction." *Merceron v. Bank of New York Mellon Trust, Nat. Assn., et al.*, 2012 WL 12281808, n.4 (citing *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1242 (11th Cir. 2007)(*per curiam*)(citing

---

[5] Like plaintiff's claim for a violation of Alabama's "lemon law," fraud claims derive from state law. *See Lee v. Citibank*, 2012 WL 5305206, at *2 (W.D.N.Y. 2012)("Fraud is … a state common law claim that does not arise under the Constitution, laws or treaties of the United States. *See, e.g., Herbst v. Vigianco,* 1999 WL 362960, at *3 (S.D.N.Y. May 26, 1999) (Plaintiff's claims, which appear to state claims for breach of contract, fraud or the like, are not federal claims under federal question (arising under) jurisdiction under 28 U.S.C. § 1331) (Report and Recommendation of United States Magistrate Judge accepted by District Judge).").

[6] A breach of contract claim also derives from state law. *See Lee*, 2012 WL 5305206, at *2 ("Plaintiff's breach of contract claim is not a federal claim arising under the Constitution, laws or treaties of the United States, and thus in the absence of diversity of citizenship jurisdiction the Court has no subject matter jurisdiction over it.")(citing *Quagliano Tobacco & Candy Co. v. Mitchell,* 1995 WL 649947 (E.D. La. Nov. 1, 1995); *1610 Corp. v. Kemp,* 753 F. Supp. 1026, 1031–32 (D.Mass.1991) (holding that a breach of contract claim did not present a federal question)).

*Rockwell Int'l Corp. v. United States*, 549 U.S. 457 (2007)). Because plaintiff has omitted by amendment his federal claim, the court has been divested of its federal question jurisdiction and the case must be dismissed for lack of subject matter jurisdiction unless there is diversity jurisdiction.

    **II.**    **Diversity Jurisdiction**

"Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Grp., LLC,* 420 F.3d 1234, 1239 (11th Cir. 2005), *abrogated on other grounds by Hertz Corp. v. Friend,* 559 U.S. 77 (2010). Moreover, in considering subject matter jurisdiction based on diversity, it is "the state of facts that existed at the time of filing" that is relevant. See *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 571 (2004). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the...plaintiff." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting *Slaughter v. Toye Bros. Yellow Cab Co.*, 359 F.2d 954, 956 (5th Cir. 1966)).

"A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office." *Dasan USA, Inc. v. Weapon Enhancement Solutions LLC*, 2016 WL 3996242, at *1 (N.D. Ga. 2016)(citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)). "And, therefore … a limited liability company could be deemed a citizen of more than one state … ." *Guthrie v. U.S. Government*, 2014 WL 12742190 at *2 (S.D. Fla. 2014). "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of

7

all the members of the limited liability company... ." *Id*. "Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency." *Ocwen Loan Servicing, L.L.C. v. Connolly*, 2015 WL 11438936, at *2 (S.D. Fla., 2015)(citing *Rolling Greens* at 1022).

Warranty Support Services argues that plaintiff's amended complaint demonstrates that there is not complete diversity between the parties. Specifically, Warranty Support Services contends that because the face of the complaint shows that plaintiff and defendant Classic Cadillac are citizens of Alabama, diversity is lacking. It is true that if the complaint properly alleged that Classic Cadillac is a citizen of Alabama, this court would lack subject matter jurisdiction over the matter because there would not be complete diversity between the parties. However, like the original complaint, the amended complaint is devoid of allegations regarding the defendants' citizenship. The amended complaint reads, *inter alia*:

1. The Plaintiff Rickey Lett, over the age of Nineteen (19) years, a Citizen of the United States and State of Alabama and reside[s] at 1249 Sandlewood Drive, Montgomery, Alabama 36117.

2. The Defendant, Classic Buick-GMC-Cadillac, 833 Eastern Bypass, Montgomery, Alabama 36117.

3. The Defendant Easycare Warranty Support Services LLC. P.O. Box 88230, Atlanta, Georgia 30356-8230.

*See* Doc. 16 at 1. While plaintiff alleges that he is a citizen of Alabama, he does not allege the citizenship of the defendant limited liability companies and only lists their purported addresses. The court cannot determine whether those addresses are service, mailing, or physical addresses. Even more to the point, the court cannot determine from those

8

addresses alone whether the defendant companies are citizens, for the purposes of the diversity statute, of the states that correspond to those addresses. This is because, to allege the citizenship of a limited liability company adequately, one must allege the citizenship of each of its members. Additionally, because defendant elected to mount a facial – rather than a factual – challenge to this court's jurisdiction, and relies only on the plaintiff's allegations to support its argument that the parties are not diverse, it has presented the court with no materials outside the amended complaint from which it could conclude, as it argues, that Classic Cadillac is a citizen of Alabama and Warranty Support Services is a citizen of Georgia.[7]

Ultimately, Warranty Support Services advances one, limited argument for the dismissal of this action – that the face of the amended complaint – *i.e.*, plaintiff's allegations regarding citizenship – proves that the parties not completely diverse. Because plaintiff does not allege the citizenship of either defendants, this argument fails and the motion to dismiss is due to be denied on this ground.

This notwithstanding, the court has undertaken a *sua sponte* review of its subject matter jurisdiction.[8] Plaintiff has clearly failed to meet his burden to allege the defendants'

---

[7] Defendant could have, for example, moved the court to consider matters outside the pleadings and submitted evidence setting forth the citizenship of each member of the defendant limited liability companies, from which the court could have determined whether or not there is, in fact, complete diversity. *See Lawrence*, 919 F.2d at 1529.

[8] *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017)("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.")(quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006)); *Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1276 (11th Cir. 2012)("We have an independent obligation to determine whether

9

citizenship in his amended complaint, which itself constitutes grounds for dismissal. *See Hawk v. Bank of America, N.A.*, 2015 WL 11347683 (N.D. Ga. Apr. 15, 2015)(holding that plaintiff's failure to assert the limited liability company's members' citizenship "renders "this Court ... unable to ascertain whether complete diversity of citizenship exists, and therefore, the Complaint fails to satisfy the prerequisites of subject matter jurisdiction.")(citing *Marshall Design-Build, LLC v. Bryant's Millwrights Const. Co. Inc.*, 2009 WL 936959, *1 (M.D. Ga. Apr. 6, 2009)(dismissing action for lack of subject matter jurisdiction when plaintiff did not show the citizenship of all members of LLC plaintiff); *Empire Petroleum Partners, LLC v. Patel*, 2013 WL 5606905, *2 (N.D. Ga. Oct. 11, 2013)(same).

Ordinarily, plaintiff should be given an opportunity to cure this deficiency by filing an amended complaint that adequately alleges the citizenship of each defendant. *See Rivas v. The Bank of New York Mellon*, 676 Fed. Appx. 926 (11th Cir. 2017)(holding that district court abused its discretion in failing to permit plaintiff to file an amended complaint properly alleging diversity jurisdiction); *Welch v. Atmore Community Hospital*, 704 Fed. Appx. 813, 817 (11th Cir. 2017)(affirming district court's dismissal without prejudice of plaintiff's amended complaint – which was filed pursuant to a court order to amend the complaint and assert the basis for the court's jurisdiction – because plaintiff described only where he lives and where the defendant hospital is located, but did not provide any

---

jurisdiction exists in each case before us, so we may consider questions of jurisdiction *sua sponte* even when, as here, the parties have not raised jurisdictional challenges.")(citing *Arbaugh* at 514).

additional facts suggesting possible diversity); *Pushko v. Klebener*, 2007 WL 8971901 (M.D. Fla. 2007)(dismissing without prejudice third amended complaint for failure to allege the citizenship of all defendants, but granting plaintiffs leave to file a fourth amended complaint which properly alleged the citizenship of all parties).

However, as explained below, plaintiff cannot cure this deficiency. Thus, granting him leave to amend the complaint to allege the citizenship of defendants adequately would be an exercise in futility, as defendant Classic Cadillac is, in fact, a citizen of Alabama for diversity purposes.[9] *See Hawk v. Bank of America, N.A.*, 2015 WL 11347596, *7 (N.D. Ga. Feb. 17, 2015)(recommendation adopted, but modified on different grounds, by *Hawk*, 2015 WL 11347683)("Although plaintiff is proceeding pro se, the court also recommends dismissal without prejudice without allowing Plaintiff the opportunity to amend the complaint. As already stated, 'Without jurisdiction[,] the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(quoting *Steele Co. v. Citizens of a Better Environment*, 523 U.S. 83, 94 (1998) and also citing *Navarro v. Rodrigues*, 2014 WL 51364, *1 (N.D. Fla. Jan. 7, 2014)(although the plaintiffs were proceeding *pro se* and the Court would "typically" identify pleading deficiencies and allow the plaintiffs an opportunity to amend, "[t]hat is

---

[9] *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir.1999) ("[T]he denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."); *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008) ("Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim.").

not necessary here because ... it is evident from a review of the complaint that the case concerns garden variety state law claims between citizens of Florida and does not raise any substantial federal claim [;]" accordingly, "the Court does not have subject matter jurisdiction and ... the case is due to be dismissed without prejudice for lack of subject matter jurisdiction); *Patterson v. City of Montgomery*, 2007 WL 3497008, at *3 (M.D. Ala. November 14, 2007) (dismissing without prejudice a *pro se* litigant's complaint for lack of jurisdiction, without allowing further opportunity for amendment and prior to service of process, "because the Court lacks subject matter jurisdiction over [the plaintiff's] claims")).

In reaching this conclusion, the court takes judicial notice of the fact that the records of the Alabama Secretary of State[10] show that SAI Montgomery BCH, LLC ("Classic Cadillac") is a domestic limited liability company with one member – SAI AL HC1 INC – which is a domestic corporation that was formed in Montgomery County, Alabama. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business … ." 28 U.S.C. § 1332(c)(1). Thus, Classic Cadillac's sole member is a citizen of Alabama. Because a limited liability company is a citizen of any state of which one of its members is a citizen,

---

[10] *See Birmingham Plumbers & Steamfitters Local 91 Pension Plan v. Iron Mountain Construction, Inc.*, 2016 WL 4137972 ,*3 n.2 (N.D. Ala. Aug. 4, 2016)("Federal Rule of Evidence 201 provides that a court may take judicial notice of a fact that is not subject to reasonable dispute if it 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' Fed. R. Evid. 201(b)(2). The information found on the website of the Alabama Secretary of State falls within the purview of Rule 201(b)(2)."); *see also Sims v. CM Food Service, L.L.C.*, 2016 WL 6778301, at *2 (N.D. Ala. 2016)(accord); *Wells v. Center*, 2016 WL 4545320, fn. 7 (M.D. Ala. Aug. 15, 2016)(taking judicial notice of online records of the Alabama Secretary of State).

and Classic Cadillac's sole member is a corporation that is a citizen of Alabama, Classic Cadillac is a citizen of Alabama. Plaintiff is also a citizen of Alabama; therefore, the parties are not completely diverse and this court lacks subject matter jurisdiction.

Accordingly, this case is due to be dismissed without prejudice. All other pending motions are due to be denied given the court's lack of subject matter jurisdiction. *See Steele Co. v. Citizens of a Better Environment*, 523 U.S. at 94.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that:

(1) the motion to dismiss filed by defendant Warranty Support Services, LLC (Doc. 22) be DENIED;

(2) this case be DISMISSED without prejudice for lack of subject matter jurisdiction;

(3) the motions to compel arbitration, and stay pending the same (Docs. 11 and 19), filed by SAI Montgomery BCH LLC d/b/a Classic Buick-GMC-Cadillac in response to the original and amended complaints, be DENIED due to the court's lack of subject matter jurisdiction;

(4) plaintiff's "motion for a retrial" (Doc. 28) is likewise due to be denied given the court's lack of subject matter jurisdiction.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties. The parties may file objections to this Recommendation on or before **March 8, 2018**. Any such objections must identify the

specific factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the party objects. The District Judge will not consider frivolous, conclusory, or general objections.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Judge of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Dupree v. Warden*, 715 F.3d 1295 (11th Cir. 2013).

Done, on this the 22nd day of February, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge