IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICKEY LETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-cv-373-SRW |
| | ) | |
| CLASSIC BUICK GMC CADILLAC, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On June 13, 2017, this matter was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate by United States District Judge Myron H. Thompson. (Doc. 3); *see also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz*, 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507 (11th Cir. 1990).

Plaintiff, who proceeds *pro se*, initiated this action by filing a complaint against a single defendant – Classic Buick-GMC-Cadillac ("Classic Cadillac").[1] Plaintiff's claims arise from his January 8, 2016 purchase of a 2012 GMC Canyon and warranty from Classic Cadillac. *See* Doc. 1. The court afforded the complaint the liberal construction it was due[2]

---

[1] This defendant has stated in filings that its correct name is SAI Montgomery BCH LLC d/b/a Classic Buick-GMC-Cadillac, and it refers to itself as "Classic Cadillac."  *See* Docs. 11, 19. For consistency, the court follows suit.

[2] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)(per curiam).

and found that plaintiff had alleged claims arising under state[3] and federal law.[4]  Defendant Classic Cadillac answered the complaint, *see* Doc. 6, and filed a motion to compel arbitration, *see* Doc. 11.

The court held a scheduling and status conference, during which the plaintiff moved for leave to amend his complaint. *See* Doc. 14. Plaintiff subsequently filed an amended complaint which named as a second defendant Warranty Support Services, LLC. *See* Doc. 16.  In this first amended complaint, plaintiff omitted any reference to federal law.[5]

In response to the first amended complaint, Classic Cadillac filed a motion to compel arbitration and stay proceedings, *see* Doc. 19, and Warranty Support Services filed a motion to dismiss. *See* Doc. 22. In its motion, Warranty Support Services argued that there was no longer a basis for federal question jurisdiction. Further, citing plaintiff's allegations in the first amended complaint,[6] Warranty Support Services argued that the face of the first amended complaint demonstrated that diversity jurisdiction was lacking.

---

[3] The complaint contained state law claims for fraud and alleged that the defendant violated Alabama's so-called "lemon law," codified at Ala. Code § 8-20A-1 (1975). *See* Doc. 1.

[4] Plaintiff alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 1961, *et seq. See* Doc. 1.

[5] Plaintiff alleged in the first amended complaint that the defendants deceived him "by concealing Easycare['s] true vehi[c]le service contract." *See* Doc. 16 at 3. Plaintiff further alleged that he was "deceive[d] by a false instrument in purchasing another service warranty," and that defendants "deceive[d] [him] in paying more for the [truck]." *See id.* Plaintiff also contended that the defendants "change[d] the contract date" and the "mileage." *See id.* Finally, plaintiff alleged that the defendants engaged in a "pattern of illegal activity of extortion." *See id.* at 4. Absent from the amended complaint was any reference to RICO or Alabama's "lemon law." *See id.*

[6] The first amended complaint alleged that plaintiff is a resident of Alabama; Classic Cadillac is a "business entity located in Montgomery, Alabama"; and Warranty Support Services is a "Georgia business entity."

On February 22, 2018, the undersigned entered a report and recommendation, *see* Doc. 31, which recommended denial of Warranty Support Services' motion to dismiss,[7] but also recommended dismissal of plaintiff's case without prejudice for lack of subject matter jurisdiction because plaintiff's first amended complaint contained insufficient allegations to establish federal question jurisdiction and because the parties are not completely diverse. *See id*. In response to the recommendation, plaintiff filed an objection to the recommendation and second amended complaint. *See* Doc. 33. The second amended complaint alleged that defendants violated the Truth in Lending Act, 15 U.S.C. 41 § 1601. *See id*.

On March 26, 2018, United States District Judge Myron H. Thompson entered an order adopting the recommendation to the extent that the undersigned recommended denial of the motion to dismiss and dismissal of the first amended complaint due to lack of subject matter jurisdiction. However, "in light of the plaintiff's post-recommendation filing of a second amended complaint containing a possible federal claim," this case was referred back to the undersigned for further consideration. *See* Doc. 34 at 2-3.

After the district judge entered this order, defendant Classic Cadillac filed a motion to compel arbitration, *see* Doc. 35, and the court ordered briefing from plaintiff and

---

[7] The motion to dismiss was denied on the basis that Warranty Support Services advanced one limited argument for the dismissal: that the face of the first amended complaint – *i.e.*, plaintiff's allegations regarding citizenship – proved that the parties are not completely diverse. However, plaintiff did not allege the citizenship of either defendant in the first amended complaint. Therefore, defendants' argument was without merit and the motion to dismiss was due to be denied. *See* Doc. 31.

defendant Warranty Support Services. *See* Doc. 36.  In response to this order, plaintiff filed several documents: (1) a third amended complaint, which eliminates any reference to the Truth in Lending Act, *see* Doc. 37; (2) an opposition to the motion to compel arbitration, *see* Doc. 38; and (3) a "motion for judgment on the merits," *see* Doc. 39. Defendant Warranty Support Services did not seek relief from the court's order to file a response to the motion to compel arbitration, but instead filed a motion to dismiss the third amended complaint for lack of subject matter jurisdiction, arguing that the parties are not diverse and that the third amended complaint contains insufficient allegations to invoke federal question jurisdiction.[8] *See* Doc. 40. Defendant Classic Cadillac filed a motion to compel arbitration of the third amended complaint. *See* Doc. 41. Plaintiff then filed a motion for judgment on the merits, *see* Doc. 42; an opposition to the motion to dismiss, *see* Doc. 43; a motion for judgment on the merits, *see* Doc. 44; and an opposition to the motion to compel arbitration, *see* Doc. 45.

Plaintiff did not seek leave to file the third amended complaint (Doc. 37); however, affording it a liberal construction,[9] the court construes Doc. 37 as a motion for leave to file

---

[8] A footnote in the motion to dismiss reads: "Per the Magistrate [Judge]'s Order of March 29, 2018 (Doc. 36), [Warranty Support Services] and Plaintiff were to respond to this motion on or before April 9, 2018. [Warranty Support Services] respectfully submits that the Court's jurisdiction must first be established."  *See* Doc. 40 at p. 2, fn. 2.

[9] *See* footnote 2.

an amended complaint – which is due to be granted[10] – as well as an amended complaint. The motion has been briefed,[11] and is ripe for review.

Before proceeding, the court must address an issue relating to plaintiff's response in opposition to the motion to dismiss the third amended complaint. *See* Doc. 43. While there is no mention of an amendment and the document is not styled as an amended complaint,[12] the document is similar to the combined objection and second amended complaint (Doc. 33) that defendant filed after the undersigned entered the recommendation. It, like the filing containing the second amended complaint, offers argument and then proceeds to set out paragraphs in the form of a complaint. It is not clear to the undersigned whether plaintiff intended to restate his allegations or amend his complaint. However, even if the court were inclined to construe the response as containing a fourth amended complaint, the interests of justice and fairness would dictate otherwise. The paragraphs set out in the response are identical to the allegations of the third amended complaint. It would be futile to allow such an amendment, as the analysis contained in this recommendation,

---

[10] Leave to amend shall be given freely when justice so requires. *See* Fed. R. Civ. P. 15.

[11] Prior to receiving an order to do so, the defendants filed responses to the third amended complaint. Warranty Support Services filed a motion to dismiss and Classic Cadillac filed a motion to compel arbitration. Plaintiff then filed responses to those motions – *see* docs. 42 (motion for judgment on the merits), 43 (response to motion to dismiss), 44 (motion for judgment on the merits), and 45 (response to motion to compel arbitration).

[12] Notably, plaintiff made no reference to an amendment in his response in opposition and did not entitle it, "amended complaint." This stands in contrast to previous amended complaints. He styled the first amended complaint "Amending Complaint." *See* Doc. 16. The second amended complaint is untitled, but contains a statement on the first page that makes it clear he is "amend[ing]" his complaint. *See* Doc. 33. His third amended complaint is styled, "New Amended Complaint." *See* Doc. 37.

which dictates dismissal of the third amended complaint, would apply equally to the putative fourth amended complaint.

For the reasons stated below, it is the recommendation of the Magistrate Judge that defendant Warranty Support Services' motion to dismiss the third amended complaint for lack of subject matter jurisdiction, *see* Doc. 40, is due to be GRANTED, and that all other pending motions are due to be DENIED as MOOT.

## STANDARD OF REVIEW

Warranty Support Services' motion to dismiss the third amended complaint is brought pursuant to Fed. R. Civ. P. 12(b)(1). "A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction and Rule 12(b)(1) permits a facial or factual attack." *Willett v. U.S.,* 24 F.Supp.3d 1167, 1173 (M.D. Ala. 2014) (citing *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)).   The standard of review that this court applies to a 12(b)(1) motion to dismiss depends on whether defendant is making a "factual attack" or a "facial attack" on this court's jurisdiction. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (distinguishing "factual" attacks on subject matter jurisdiction from "facial attacks" and explaining the standard of review applying to each). "On a Rule 12(b)(1) facial attack, the court evaluates whether the plaintiff 'has sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employs standards similar to those governing Rule 12(b)(6) review.'" *Willett,* 14 F.Supp.3d at 1173. (citing *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11th Cir. 2013)). On a facial attack, the court must consider the allegations of the complaint to be true. When the attack is factual – *i.e.*, the movant

challenges the existence of subject matter jurisdiction in fact and irrespective of the pleadings – the court considers matters outside the pleadings, such as testimony and affidavits. *See Lawrence*, 919 F.2d at 1529.

> Procedurally, facial and factual attacks differ. *See Lawrence [v. Dunbar]*, 919 F.2d at 1529 [(11th Cir. 1990)]. "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion— the court must consider the allegations of the complaint to be true." *Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)). However, "when the attack is factual, the trial court may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56." *Lawrence*, 919 F.2d at 1529. Since the court's ability to exercise jurisdiction over the case is at issue in a factual 12(b)(1) motion, "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Gilmore v. Day*, 125 F. Supp. 2d 468, 471 (M.D. Ala. 2000) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942)).

*McCallister v. Pulliam*, 2008 WL 11380026, at *2 (N. D. Ala. 2008).

The motion to dismiss in this case is based solely on the allegations of the amended complaint and does not reference other materials; therefore, it will be evaluated as a facial attack.

## DISCUSSION

"Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction." *Wimberley v. Jones*, 2012 WL 3066360, at *1 (M.D. Ga. 2012)(citing *Walker v. Sun Trust Bank of Thomasville, Ga.,* 363 F. App'x 11, 15 (11th Cir.2010) (per curiam)).

## I.    Diversity Jurisdiction

Plaintiff states in the third amended complaint that the parties are diverse. *See* Doc. 37 at p. 2. However, the court previously decided that it lacks diversity jurisdiction over this matter. *See Lawson v. Ocwen Loan Servicing, LLC*, 2015 WL 11256550 (N.D. Ga. 2015)(because the court already entered an order holding that the jurisdictional amount had not been met, it was the law of the case that the court did not have diversity jurisdiction). As Warranty Support Services notes in its motion to dismiss, this court has already undertaken a *sua sponte* review of diversity jurisdiction and determined that the parties to this action – which remain unchanged from those in the case at time of the court's investigation[13] – are not completely diverse. *See* Doc. 31 at pp. 7-13.[14] As explained in the report and recommendation, a limited liability company is a citizen of any state of which one of its members is a citizen. The court has taken judicial notice of the fact that the online records of the Alabama Secretary of State (*see* http://arcosos.state.al.us) show that SAI Montgomery BCH, LLC ("Classic Cadillac") is a domestic limited liability company with one member – that is, SAI AL HC1 INC, a domestic corporation that was formed in Montgomery County, Alabama.[15] A corporation is "a citizen of every State and foreign

---

[13] The parties are not only the same; plaintiff's citizenship allegations in the third amended complaint are identical to those contained in the first amended complaint.

[14] The court incorporates by reference this section of the previous recommendation. *See* Doc. 31 at pp. 7-13.

[15] *See Birmingham Plumbers & Steamfitters Local 91 Pension Plan v. Iron Mountain Construction, Inc.*, 2016 WL 4137972 ,*3 n.2 (N.D. Ala. 2016)("Federal Rule of Evidence 201 provides that a court may take judicial notice of a fact that is not subject to reasonable dispute if it 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' Fed. R. Evid. 201(b)(2). The information found on the website of the Alabama

state by which it has been incorporated and of the State or foreign state where it has its principal place of business … ." 28 U.S.C. § 1332(c)(1). Thus, Classic Cadillac's sole member is a citizen of Alabama. Accordingly, because Classic Cadillac's sole member is a corporation that is a citizen of Alabama, Classic Cadillac is a citizen of Alabama. Because plaintiff is also a citizen of Alabama, the parties are not completely diverse and this court lacks diversity jurisdiction.

## II.   Federal Question Jurisdiction

"Absent diversity of citizenship, a plaintiff must present a 'substantial' federal question in order to invoke the district court's jurisdiction." *Wyke v. Polk Cnty. Sch. Bd.,* 129 F.3d 560, 566 (11th Cir. 1997) (citing *Hagans v. Lavine,* 415 U.S. 528, 537, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)).

Construing it liberally, plaintiff's second amended complaint, like his original complaint, contained state law claims for fraud and for violation of the state's "lemon law," and possibly, a state law claim for breach of contract.[16] *See* Doc. 33. The second amended

---

Secretary of State falls within the purview of Rule 201(b)(2)."); *see also Sims v. CM Food Service, L.L.C.,* 2016 WL 6778301, at *2 (N.D. Ala. 2016)(accord); *Wells v. Center,* 2016 WL 4545320, fn. 7 (M.D. Ala. 2016)(taking judicial notice of online records of the Alabama Secretary of State).

[16] Like plaintiff's claim for a violation of Alabama's "lemon law," fraud claims derive from state law. *See Lee v. Citibank,* 2012 WL 5305206, at *2 (W.D.N.Y. 2012)("Fraud is … a state common law claim that does not arise under the Constitution, laws or treaties of the United States. *See, e.g., Herbst v. Vigianco,* 1999 WL 362960, at *3 (S.D.N.Y. May 26, 1999) (Plaintiff's claims, which appear to state claims for breach of contract, fraud or the like, are not federal claims under federal question (arising under) jurisdiction under 28 U.S.C. § 1331) (Report and Recommendation of United States Magistrate Judge accepted by District Judge)."). A breach of contract claim also derives from state law. *See Lee,* 2012 WL 5305206, at *2 ("Plaintiff's breach of contract claim is not a federal claim arising under the Constitution, laws or treaties of the United States, and thus in the absence of diversity of citizenship jurisdiction the Court has no subject matter jurisdiction over it.")(citing *Quagliano Tobacco & Candy Co. v. Mitchell,* 1995 WL 649947 (E.D. La. 1995); *1610*

complaint also contained a claim for violation of the Truth in Lending Act ("TILA"). *See* Doc. 33. Applying the standard of liberal construction, the court finds that plaintiff's invocation of TILA in the second amended complaint was sufficient to conclude that the court had federal question jurisdiction at the time this matter was referred back to the undersigned for further review.

The same cannot be said for the third amended complaint, which was filed after this matter was referred back to the undersigned. The amended complaint contains no reference to federal law, whether TILA or otherwise. Rather, it contains – at best – state law claims for fraud and breach of contract, and for violation of the state's "lemon law." The law of this circuit is clear. "Where a plaintiff files a complaint in federal court that includes both state law claims and then amends the complaint to omit the federal claims that gave rise to supplemental jurisdiction over the state claims, it is well settled that the amended complaint supersedes the original complaint and divests the district court of jurisdiction." *Merceron v. Bank of New York Mellon Trust, Nat. Assn., et al.*, 2012 WL 12281808, n.4 (N.D. Ga. 2012) (citing *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1242 (11th Cir. 2007)(*per curiam*)(citing *Rockwell Int'l Corp. v. United States*, 549 U.S. 457 (2007)("[w]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction … ."); *see also Riley v. Fairbanks Capital Corp.*, 222 F. App'x 897, 899 (11th Cir. 2007)(holding that

---

*Corp. v. Kemp,* 753 F. Supp. 1026, 1031–32 (D.Mass.1991) (holding that a breach of contract claim did not present a federal question)).

it was reversible error for the district court to retain supplemental jurisdiction over *pro se* plaintiff's state law claims after plaintiff amended her complaint to abandon all federal claims). Because plaintiff has voluntarily omitted by amendment his TILA claim, the court has been divested of its federal question jurisdiction. The court has no other basis for jurisdiction; therefore, this case is due to be dismissed without prejudice. *See Riley* at 900 (remanding case to district court for a dismissal without prejudice because *pro se* defendant's second amended complaint omitted her federal claim and thus, divested the court of jurisdiction); *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984)(explaining that district court's dismissal of a case for lack of subject matter jurisdiction should be without prejudice). All other pending motions are due to be denied given this court's lack of subject matter jurisdiction. *See Steele Co. v. Citizens of a Better Environment*, 523 U.S. at 83, 94.[17]

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that:

(1) the motion to dismiss filed by Warranty Support Services (Doc. 40) be GRANTED;

(2) this case be DISMISSED without prejudice for lack of subject matter jurisdiction;

---

[17] Plaintiff has had four opportunities to establish subject matter jurisdiction. It bears noting that while plaintiff is proceeding *pro se*, he is not unfamiliar with federal litigation. A search of this court's records indicates that he has filed five cases in the past five years, and two are currently pending before the district judge assigned to this case. *See* 2:13-cv-665-MHT-TFM, *Lett v. Midland Funding, LLC*; 2:13-cv-666, *Lett v. Wells Fargo Home Mortgage, Inc.*; 2:17-cv-336-MHT-TFM, *Lett v. Citifinancial Servicing LLC, et al.*; 2:18-cv-125-MHT-GMB, *Lett v. Garden City Group, LLC*; and the instant matter.

(3) the remaining motions (Docs. 35, 38, 39, 41, 42, 44, and 45) be DENIED due to the court's lack of subject matter jurisdiction.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties. The parties may file objections to this Recommendation on or before **June 22, 2018**. Any such objections must identify the specific factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the party objects.  The District Judge will not consider frivolous, conclusory, or general objections.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Judge of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Dupree v. Warden*, 715 F.3d 1295 (11th Cir. 2013).

Done, on this the 8th day of June, 2018.

/s/ Susan Russ Walker_____
Susan Russ Walker
United States Magistrate Judge